RONALD A. VAN WERT, WSBA #32050
ETTER, McMAHON, LAMBERSON
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509)747-9100
(509)623-1439 Fax
Email: rvw@ettermcmahon.com

*Attorney for Dylen Joseph Swan.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:21-CR-00124-TOR-1 |
| Plaintiff, | |
| vs. | **DEFENDANT SWAN'S SENTENCING MEMORANDUM** |
| DYLEN JOSEPH SWAN, | |
| Defendant. | |

Defendant Dylen Joseph Swan ("Mr. Swan"), by and through his attorney of record, Ronald A. Van Wert of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., hereby respectfully submits his Sentencing Memorandum per the Court's *Order Accepting Guilty Plea and Setting Sentencing Schedule* ("Order") [ECF 29].

Defendant Swan's
Sentencing Memorandum
Page  1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Mr. Swan has entered into an 11(c)(1)(C) plea of guilty to one count of assault with a deadly weapon in Indian Country and one count of robbery affecting commerce. For the reasons stated herein and at the time of sentencing, Mr. Swan respectfully requests that the Court sentence Mr. Swan to 11 years, which is "sufficient, but not greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a)."

**I.    Objections to Presentence Investigation Report**

The Addendum to the Presentence Investigation Report ("Addendum") [ECF 34] accurately reflects the objections made to the Presentence Investigation Report ("PSIR") [ECF 35] on behalf of Mr. Swan. However, the Addendum [ECF 34] and PSIR [ECF 35] fail to provide any corroborating information to justify inclusion of uncorroborated, hearsay allegations contained in paragraphs 15, 20, and 62-72 of the PSIR [ECF 35]. Thus, inclusion of the allegations in the foregoing paragraphs of the PSIR [ECF 35] violates Mr. Swan's due process rights.

> Although the Confrontation Clause does not apply at sentencing, a defendant clearly has a due process right not to be sentenced on the basis of materially incorrect information. *United States v. Reid*, 911 F.2d 1456, 1463-64 (10th Cir.1990), cert. denied, 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074

Defendant Swan's
Sentencing Memorandum
Page  2

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(1991). Due process requires that some minimal indicia of reliability accompany a hearsay statement. Id. at 1464.

*U.S. v. Petty*, 982 F.2d 1365, 1369 (9th Cir.), *amended*, 992 F.2d 1015 (9th Cir. 1993). "Material information is 'unreliable' if it 'lacks some minimal indicium of reliability beyond mere allegation.' *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984) (quoting *United States v. Baylin*, 696 F.2d 1030, 1040 (3rd Cir.1982))." *U.S. v. Kimball*, 975 F.2d 563, 567 (9th Cir. 1992). The information objected to in paragraphs 15, 20, and 62-72 of the PSIR [ECF 35] are mere allegations without any indicium of reliability. None of the allegations are based on affidavits, taken under oath, or subject to cross examination. The allegations are uncorroborated hearsay that are extremely prejudicial to Mr. Swan and will not only affect Mr. Swan's sentence, but will likely affect his prison classification and safety in prison.

Furthermore, consistent with due process, §6A1.3 of the United States Sentencing Guidelines ("USSG"), *Resolution of Disputed Factors (Policy Statement)*, states, in pertinent part,

> In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has

Defendant Swan's
Sentencing Memorandum
Page  3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

sufficient indicia of reliability to support its probable accuracy. As stated above, the allegations objected to have no indicia of reliability. Thus, including the allegations are contrary to the USSG.

For the foregoing reasons, the uncorroborated, hearsay allegations contained in paragraphs 15, 20, and 62-72 of the PSIR [ECF 35] should be stricken therefrom.

## II.    18 U.S.C. § 3553(a)

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) provides, in pertinent part:

> The court shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
>
> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   b. to afford adequate deterrence to criminal conduct;
>   c. to protect the public from further crimes of

Defendant Swan's
Sentencing Memorandum
Page  4

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

        the defendant; and
d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available…

(Emphasis added.)

Although the sentencing court must also consider the sentencing guidelines, it must not give more weight to the sentencing guidelines than to § 3553(a). *U.S. v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006). Moreover, if the sentencing court treats a guidelines range as the presumptive sentence, the court "will commit legal error by misapplying § 3553(a)." *Id.* at 1170.

The sentencing court's "task is to attempt to find the most reasonable sentence for [the particular defendant] within the territory of all possible reasonable sentences." *Id.* Sentencing is not mechanical, but rather a "difficult art." *U.S. v. Diaz-Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006). It is "an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.*

Defendant Swan's
Sentencing Memorandum
Page 5

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

### a. Nature and circumstances of the offense and the history and characteristics of the defendant

Mr. Swan's actions are a reflection of an unstable, drug laden upbringing. [ECF 35 at ¶¶ 159-182.] Mr. Swan grew up in an environment in which he first used marijuana at age 7 and consumed alcohol at age 8, and never stopped thereafter. [ECF 35 at ¶¶ 175 & 176.] Mr. Swan has essentially used every illicit drug identified by the PSIR writer on a chronic basis [ECF 35 at ¶¶ 175-182.] Mr. Swan was using illicit drugs throughout his conduct leading to his arrest in this matter.

Mr. Swan is only 22 years old. Despite being before numerous courts throughout his young life, there is no indication that Mr. Swan was exposed to methods of rehabilitation other than incarceration. Mr. Swan needs treatment and structure. Mr. Swan hopes to have an opportunity to participate in programs while incarcerated to address his substance abuse and to participate in vocational training. Mr. Swan has demonstrated an ability to advance his knowledge as evidenced by obtaining his GED while previously incarcerated. Mr. Swan requests that the Court recommend him for the RDAP program.

Defendant Swan's
Sentencing Memorandum
Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Sobriety and maturity are two factors that will reduce Mr. Swan's likelihood of recidivism. Mr. Swan will be over the age of 30 when released from prison. Over a decade in prison is sufficient to achieve the objectives of 18 U.S.C. § 3553(a).

**b. Time period will appropriately punish, deter, and protect**

The serious nature of Mr. Swan's conduct is reflected in the offenses he has pled guilty to, their associated sentencing levels and the applicable upward adjustments. [ECF 35 at ¶¶ 41-57.] Mr. Swan has pled guilty to assault and robbery with associated upward adjustments to the respective offense levels to account for the use of a firearm, discharge of a firearm, and causing life-threatening injury. [*Id*.] The guideline range, therefore, incorporates the seriousness of the crimes and establishes a range that punishes, deters and protects to an extent sufficient but not more than necessary to achieve such objectives.

Considering Mr. Swan's young age and the nearly insurmountable odds he has faced in his short life in light of his substance abuse and the lack of any adult or community guidance, the structure, sobriety and guidance that comes with a sentence of 11 years in adult federal prison will allow Mr. Swan to mature and prove that he does not pose a further

Defendant Swan's
Sentencing Memorandum
Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

threat to the community. Other than reference to Mr. Swan's drug-influenced past criminal conduct, which is already accounted for via his criminal history category, evidence has not been presented to the Court to establish that 11 years in prison will not be sufficient to serve the objectives of 18 U.S.C. § 3553(a).

In addition, despite being in custody since the Indictment was returned on September 8, 2021 [ECF 35 at ¶¶ 1 & 111], Mr. Swan has only appeared in this matter pursuant to a writ of habeas corpus ad prosequendum [ECF at ¶ 6]. Consequently, Mr. Swan will receive no credit towards his sentence in this case from the Bureau of Prisons for his 2-plus years in custody prior to sentencing. The Government has described Mr. Swan's actions, including those in which he was sentenced in state court and for which he remains in custody, as a continuous "three-day crime spree." [United States' Sentencing Memorandum, ECF 32 at 4.] Therefore, the Government recognizes the state and federal crimes arose from a related course of conduct. Accordingly, if the Court sentences Mr. Swan to 11 years as he recommends, Mr. Swan will be serving closer to 13 years for his course of conduct. If the Court follows

Defendant Swan's
Sentencing Memorandum
Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

the Government's recommendation of 14 years, Mr. Swan will, in effect, be serving a 16-year sentence.

For the reasons stated above and the record before the Court, 11 years is sufficient, but not greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a). Accordingly, Mr. Swan respectfully requests that the Court sentence him to 11 years imprisonment.

RESPECTFULLY SUBMITTED this 6th day of September 2023.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: /s/ Ronald A. Van Wert
RONALD A. VAN WERT, WSBA #32050
Attorney for Defendant Dylen Joseph Swan

Defendant Swan's
Sentencing Memorandum
Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record in this matter registered with the CM/ECF System.

/s/RONALD A. VAN WERT
RONALD A. VAN WERT, WSBA 32050
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: rvw@ettermcmahon.com
Attorney for Defendant Dylen Joseph Swan

Defendant Swan's
Sentencing Memorandum
Page 10

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100